IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Lawrence E. Stewart,            :

    Plaintiff,              :

  v.                              :     Case No. 2:03-cv-0687

Reginald Wilkinson, et al.,     :     JUDGE SARGUS

    Defendants.             :

REPORT AND RECOMMENDATION

    This action is before the Court on the April 29, 2005 motion to dismiss filed by the defendants from the Ohio Department of Rehabilitation and Correction and the May 9, 2005 motion to dismiss filed by defendant Dr. John Larry from the Ohio State University Hospital.  All defendants claim, among other things, that the complaint should be dismissed because it is a "mixed" complaint containing both exhausted and unexhausted claims.  On May 24, 2005, Mr. Stewart filed a response to Mr. Larry's motion to dismiss.  For the following reasons, it will be recommended that both motions to dismiss be granted.

    In Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998), the Court of Appeals held that all prisoner complaints filed after the date of that decision (March 27, 1998) must plead and prove exhaustion of administrative remedies as required by the PLRA.  See id. at 1104.  In Ohio, the general exhaustion procedures are set forth in Ohio Admin. Code §5120-9-31, which mandates a three-step grievance procedure: the presentation of an informal complaint to a staff member with jurisdiction over the matter, a formal grievance filed with the Office of the Institutional Inspector at the correctional institution where the problem arose, and an

1

appeal to the Chief Inspector of the Ohio Department of Rehabilitation and Correction. The prisoner has the burden to establish exhaustion. See id. at 1104. To do so, the prisoner should attach copies of the decision at each step of the grievance process demonstrating the disposition of the claims. See Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999); see also Smeltzer v. Hook, 235 F.Supp.2d 736, 740 (W.D. Mich. 2002)(explaining that a prisoner must pursue all levels of the administrative procedure before filing an action in federal court).

In Thomas v. Woolum, 337 F.3d 720 (6th Cir. 2003), the Sixth Circuit Court of Appeals addressed the exhaustion requirement and reaffirmed its holding in Curry v. Scott, 249 F.3d 493 (6th Cir. 2001), in which it appeared to require a prisoner to file a grievance against each person he ultimately seeks to sue. See Thomas, 337 F.3d at 734. Consequently, in order for a court to conclude that a prisoner has exhausted his administrative remedies, the court must find that the prisoner named in his grievance the particular defendants to the action, or, at the very least, that the grievance alerted prison officials that the prisoner had a grievance against the persons who were named as defendants.

Defendants claim, among other things, that the complaint should be dismissed because it is a "mixed" complaint containing both exhausted and unexhausted claims. In Jones Bey v. Johnson, ---F.3d---, 2005 WL 1120283 (6th Cir. April 27, 2005), the Court of Appeals adopted the total exhaustion rule and held that, under the language set forth in 42 U.S.C. §1997e(a), a mixed complaint must be dismissed in its entirety without prejudice. See id. at *4.

Mr. Stewart brought this action against Reginald Wilkinson, Cheryl Jorgensen-Martinez, Linda Coval, William Tanner, Tammy

2

Hartzler, Dr. John A. Larry, Dr. Bruce Martin, Karen Stanforth, Mary Sanford, and Mona Parks.  Careful review of the extensive exhaustion documentation provided by Mr. Stewart reveals that he did not exhaust his claims against defendant Mr. Tanner regarding denial of proper medical equipment, physical therapy, and the ability to participate in a sex offender class.  <u>See</u> Complaint ¶¶3, 5.  Mr. Stewart names Mr. Tanner in the complaint as the warden at Pickaway Correctional Institution.  <u>See</u> Complaint at p.4.  Under Ohio Admin. Code §5120-9-31(L), a grievance against a warden "must be filed directly to the office of the chief inspector."  The Court's file does not include a grievance directed to the office of the chief inspector naming Mr. Tanner.

Further, the Court has no basis by which it may conclude that although Mr. Tanner was not named in a grievance, prison officials nevertheless were alerted that Mr. Stewart had claims against him.  <u>See</u> <u>Thomas</u>, 337 F.3d at 734.  First, there are no grievances before the Court that were filed directly to the office of the chief inspector.  Second, all of Mr. Stewart's grievances about medical equipment, physical therapy, and participation in the sex offender class were made when Mr. Stewart was incarcerated at Pickaway Correctional Camp.  <u>See</u> July 12, 2003 Appeal to Chief Inspector; May 19, 2003 Appeal to Chief Inspector; May 23, 2003 Appeal to Chief Inspector.  As stated above, Mr. Tanner serves as the warden at Pickaway Correctional Institution. According to Mr. Stewart, Pickaway Correctional Camp is "not affiliated with Pickaway Correctional Institution." Plaintiff's Response to Show Cause Order at 1.  Because Mr. Stewart raised these claims while incarcerated at Pickaway Correctional Camp, there would be no reason for prison officials to be alerted to his claims against a warden at a different facility.  Thus, the Court concludes that Mr. Stewart has not exhausted his claims against Mr. Tanner.  Therefore, because Mr.

Stewart's complaint raises at least one unexhausted claim, it is a mixed complaint that must be dismissed in its entirety without prejudice.  See Jones Bey, ---F.3d---, 2005 WL 1120283 at *4.

Based on the foregoing, it is recommended that the motions to dismiss (file docs. #54 & 60) be granted and that this action be dismissed without prejudice.  It is further recommended that all other motions be denied as moot.

PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. Section 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge

4