IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Lawrence E. Stewart, :

    Plaintiff, :

    v. :     Case No. 2:03-cv-0687

Reginald Wilkinson, et al., :     JUDGE SARGUS

    Defendants. :

## OPINION AND ORDER

On June 1, 2005, the Magistrate Judge issued a Report and Recommendation recommending that the motions to dismiss filed by the defendants from the Ohio Department of Rehabilitation and Correction and by defendant Dr. John Larry of the Ohio State University Hospital be granted. On June 9, 2005, Mr. Stewart filed objections to the Report and Recommendation. Only defendant Dr. Larry filed a response. He claims, among other things, that Mr. Stewart's complaint should be dismissed because it is a "mixed" complaint containing both exhausted and unexhausted claims. For the following reasons, Mr. Stewart's objections will be overruled and the Report and Recommendation will be adopted in its entirety.

The following statement of facts is taken from the complaint. On July 24, 2003, Mr. Stewart filed this action against a number of defendants asserting that his constitutional rights were violated both while he was incarcerated at the Southern Ohio Correctional Facility in Lucasville, Ohio and at the Pickaway Correctional Camp. He asserts that he was assaulted on several occasions and also left untreated by two nurses at the SOCF after suffering a stroke and a heart attack. He also claims that one or more of the other defendants denied him medical equipment and physical and speech therapy, that they have refused to allow him to participate in a sexual offender's risk reduction class, that the conditions in a segregation cell in which he was confined were constitutionally inadequate, and that he was used as a subject of experimental research. Since his original filing, Mr. Stewart has added some defendants, asked the court to

1

dismiss others, and has otherwise amended his complaint. In the Report and Recommendation, the Magistrate Judge concluded that Mr. Stewart had not exhausted administrative remedies with respect to at least one defendant, Mr. William Tanner.

As set forth in the Report and Recommendation, since Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998), the Sixth Circuit has required all prisoners to plead and prove exhaustion of administrative remedies in their complaints as required by the Prison Litigation Reform Act ("PLRA"). See id. at 1104. In Ohio, the exhaustion procedures are set forth in Ohio Admin. Code §5120-9-31, which mandates a three-step grievance procedure: the presentation of an informal complaint to a staff member with jurisdiction over the matter, a formal grievance filed with the Office of the Institutional Inspector at the correctional institution where the problem arose, and an appeal to the Chief Inspector of the Ohio Department of Rehabilitation and Correction. The prisoner has the burden to establish exhaustion. Baxter v. Rose, 305 F.3d 486, 488 (6th Cir. 2002). The prisoner should also attach copies of the decision at each step of the grievance process demonstrating the disposition of the claims in order to prove exhaustion. See Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999); see also Smeltzer v. Hook, 235 F.Supp.2d 736, 740 (W.D. Mich. 2002)(explaining that a prisoner must pursue all levels of the administrative procedure before filing an action in federal court). Finally, the prisoner must exhaust administrative remedies even if proceeding through the administrative system would be "futile." Harstfield v. Vidor, 199 F.3d 305, 308-310 (6th Cir. 1999).

In Thomas v. Woolum, 337 F.3d 720 (6th Cir. 2003), the Sixth Circuit Court of Appeals addressed the exhaustion requirement and held that a prisoner must file a grievance against each person he ultimately seeks to sue. Id. at 734. Consequently, in order for a court to conclude that a prisoner has exhausted his administrative remedies, the court must find that the prisoner named in his grievance the particular defendants to the action, or, at the very least, that the grievance alerted prison officials that the prisoner had a grievance against the persons who were named as defendants. With respect to a "mixed" complaint containing both exhausted and unexhausted claims, in Jones Bey v. Johnson, 407 F.3d 801 (6th Cir. 2005), the Court of Appeals adopted the total exhaustion rule and held that, under the language set forth in 42 U.S.C. §1997e(a), a mixed complaint must be dismissed in its entirety without prejudice. See id. at 806.

In the Report and Recommendation, the Magistrate Judge explained that Mr. Stewart claims that Pickaway Correctional Camp and Pickaway Correctional Institution are separate

2

entities and that Mr. Tanner was the warden at Pickaway Correctional Institution. All of Mr. Stewart's grievances were made when Mr. Stewart was incarcerated at Pickaway Correctional Camp. See July 12, 2003 Appeal to Chief Inspector; May 19, 2003 Appeal to Chief Inspector; May 23, 2003 Appeal to Chief Inspector. Because Mr. Stewart raised these claims while incarcerated at Pickaway Correctional Camp, the Magistrate Judge concluded that there would be no reason for prison officials to be alerted to his claims against a warden at a different facility. See Thomas, 337 F.3d at 734. The Magistrate Judge also concluded that in order to properly exhaust a claim against Mr. Tanner, a warden, Mr. Stewart was required to have filed a grievance against him directly with the office of the chief inspector. See Ohio Admin. Code §5120-9-31(L). The Magistrate Judge found that the Court's record did not reflect a grievance directed to the office of the chief inspector naming Mr. Tanner.

In Mr. Stewart's objections to the Report and Recommendation, he claims for the first time that Pickaway Correctional Camp and Pickaway Correctional Institution are in fact the same entity and that Mr. Tanner was the warden of both at the time of filing. Regardless, as explained by the Magistrate Judge, because Mr. Tanner is a warden, to exhaust a claim against him, the evidence must reflect that Mr. Stewart filed a grievance directly with the office of the chief inspector naming him. See Ohio Admin. Code §5120-9-31(L). The Court adopts the Magistrate Judge's finding that there is no such evidence in the record. Therefore, because Mr. Stewart's complaint contains at least one unexhausted claim, it is a mixed complaint that must be dismissed in its entirety without prejudice. See Jones Bey, 407 F.3d at 806.

Based on the foregoing, Mr. Stewart's objections to the Report and Recommendation (file doc. #69) are OVERRULED and the Report and Recommendation (file doc. #66) is ADOPTED IN ITS ENTIRETY. Defendants' motions to dismiss (file docs. #54 & 60) are GRANTED. All other motions are DENIED AS MOOT.

Date: 7-15-2005

Edmund A. Sargus, Jr.
United States District Judge