IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Lawrence Stewart, :

    Plaintiff, :

v. : Case No. 2:03-cv-0687

Reginald Wilkinson, et al., : JUDGE SARGUS

    Defendants. :

## ORDER

This prisoner civil rights case was originally dismissed because plaintiff, Lawrence Stewart, had not completely exhausted his administrative remedies with respect to at least one of the claims he originally presented. After the case was remanded because the United States Supreme Court concluded, in Jones v. Bock, 127 S.Ct. 910 (2007), that the "total exhaustion" rule was inconsistent with the language of the Prison Litigation Reform Act, Mr. Stewart filed several motions. For the following reasons, each of those three motions will be denied.

First, almost immediately after remand, Mr. Stewart filed a motion for the appointment of counsel. However, at that time the case had not progressed enough for the Court to determine whether any of his claims had sufficient merit to warrant the appointment of counsel. The case is in the same posture today. A motion for summary judgment has been filed by defendant Dr. Larry, and briefing on that motion has just been completed. Until the Court is able further to evaluate the merits of Mr. Stewart's claims, he is not entitled to court-appointed counsel, and his motion for the assignment of counsel (#84) will be denied.

Next, Mr. Stewart filed a motion for preliminary injunctive relief. In that motion, which was filed on June 7, 2007, Mr. Stewart alleged that he was being retaliated against by certain prison officials after his transfer to the Pickaway Correctional Institution. The motion was not accompanied by a certificate of service, and defendants moved to strike the motion on that basis. Mr. Stewart never responded to the motion to strike and never filed a certificate of service.

Further, it is possible that the matters raised in the motion are now moot. In any event, they are not the types of issues which the Court typically becomes involved in during the pendency of litigation. They are unrelated to the claims which Mr. Stewart made originally in this case, and none of them appear to have an impact on his ability vigorously to litigate this lawsuit. They may or may not be the proper subject of separate litigation, but they have no place in this case. As a result, the "Request for Court Order of Temporary Restraining Order" (#89) will also be denied. That disposition moots the motion to strike.

Finally, Mr. Stewart moved for leave to amend his complaint to add additional defendants. None of the additional defendants or additional claims relate in any way to his original claims, but rather relate to matters which allegedly occurred long after this litigation was filed and at locations other than the one initially involved in this case.

Fed.R.Civ.P. 15(a) states that when a party is required to seek leave of court in order to file an amended pleading, "leave shall be freely given when justice so requires." The United States Court of Appeals for the Sixth Circuit has spoken extensively on this standard, relying upon the decisions of the United States Supreme Court in Foman v. Davis, 371 U.S. 178 (1962) and Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321 (1971), decisions which give substantial meaning to the "when justice so requires." In Foman, the Court indicated that the rule is to be interpreted liberally, and that in the absence of undue delay, bad faith, or dilatory motive on the part of the party proposing an amendment, leave should be granted. In Zenith Radio Corp., the Court indicated that mere delay, of itself, is not a reason to deny leave to amend, but delay coupled with demonstrable prejudice either to the interests of the opposing party or of the Court can justify such denial.

Expanding upon these decisions, the Court of Appeals has noted that:

> [i]n determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

Phelps v. McClellan, 30 F.3d 658, 662-63 (6th Cir.1994) (citing Tokio Marine & Fire Insurance Co. v. Employers Insurance of Wausau, 786 F.2d 101, 103 (2d Cir.1986)). See also Moore v.

City of Paducah, 790 F.2d 557 (6th Cir.1986); Tefft v. Seward, 689 F.2d 637 (6th Cir. 1982). Stated differently, deciding if any prejudice to the opposing party is "undue" requires the Court to focus on, among other things, whether an amendment at any stage of the litigation would make the case unduly complex and confusing, see Duchon v. Cajon Co., 791 F.2d 43 (6th Cir.1986) (per curiam), and to ask if the defending party would have conducted the defense in a substantial different manner had the amendment been tendered previously. General Electric Co. v. Sargent and Lundy, 916 F.2d 1119, 1130 (6th Cir.1990); see also Davis v. Therm-O-Disc, Inc., 791 F. Supp. 693 (N.D. Ohio 1992).

The Court of Appeals has also identified a number of additional factors which the District Court must take into account in determining whether to grant a motion for leave to file an amended pleading. They include whether there has been a repeated failure to cure deficiencies in the pleading, and whether the amendment itself would be an exercise in futility. Robinson v. Michigan Consolidated Gas Co., 918 F.2d 579 (6th Cir.1990); Head v. Jellico Housing Authority, 870 F.2d 1117 (6th Cir.1989). The Court may also consider whether the matters contained in the amended complaint could have been advanced previously so that the disposition of the case would not have been disrupted by a later, untimely amendment. Id. It is with these standards in mind that the instant motion to amend will be decided.

Here, this case has progressed through more than four years of litigation based upon a discrete set of claims. It would significantly prejudice both the defendants and the Court's ability to adjudicate this case in a timely fashion to allow these new claims and defendants to be added. Further, as defendants point out, there are significant questions about whether valid claims are stated against at least some of the defendants, including Governor Strickland. For all of these reasons, the Court concludes that the interests of justice would not be served by permitting these claims to be introduced into this lawsuit. Mr. Stewart's motion for such relief (#96) will also be denied.

Based upon the foregoing, the following motions are DENIED and shall be removed from the Court's pending motions list: Motion for the Assignment of Counsel (#84), Request for Court

Order (#89) and Motion Seeking Permission to Add Additional Named Prison Officials (#96). The Motion to Strike (#90) is DENIED AS MOOT.

Date: 2-8-08

Edmund A. Sargus, Jr.
United States District Judge