IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Lawrence E. Stewart, | : | |
| -Plaintiff, | : | |
| v. | : | Civil Action 2:03-cv-0687 |
| Reginald Wilkinson, | : | JUDGE SARGUS |
| Defendants. | : | |

ORDER

This matter is before the Court on the objections filed by the plaintiff, Lawrence E. Stewart, to the Magistrate Judge's Report and Recommendation and the response to the plaintiff's objections filed by defendant John Larry, M.D. When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "shall make a de novo determination of any portion of the magistrate judge's disposition to which specific objection is made...." Fed.R.Civ.P. 72(b). After review, the district judge "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id.; see also 28 U.S.C. §636(b)(2)(B). For the following reasons, the plaintiff's objections are overruled and the defendant's motion for summary judgment is granted.

I

Plaintiff Lawrence E. Stewart, a state prisoner currently incarcerated at the Madison Correctional Institution, brought this action pursuant to 42 U.S.C. §§ 1983 and 1985 against a number of defendants alleging that his constitutional rights were violated while he was an inmate at the Southern Ohio Correctional Facility and the Pickaway Correctional Camp. His complaint states in relevant part that on July 10, 2002, Dr. Larry, during a routine stress test at the Ohio State University Medical Center, deliberately and without the plaintiff's consent injected Mr. Stewart with an experimental enhancement serum. Mr. Stewart claims that once he was injected

with this serum he developed complications and had to be rushed to the emergency room. From that point on, his condition went downhill as he allegedly suffered a series of strokes which have left him "confined to a wheelchair with paralysis on his entire left side and limited use of his arms and legs and slurred speech with virtually no hope for improvement." Plaintiff's Response to Defendant's Motion for Summary Judgment.(doc. 111) p. 2. Mr. Stewart charges that the use of this experimental procedure by Dr. Larry constituted deliberate indifference to his medical needs in violation of the Eighth and Fourteenth Amendments.

On December 17, 2007, Dr. Larry filed a motion for summary judgment (doc. 105). Mr. Stewart initially sought an extension of time, which the Magistrate Judge granted, and subsequently filed a motion to deny summary judgment (doc. 110) on the basis that he needed additional discovery in order to formulate a response. On January 15, 2008, Mr. Stewart responded to the summary judgment motion, and Dr. Larry filed a reply (doc. 118). Mr. Stewart then filed a supplemental memorandum opposing summary judgment (doc. 119) without seeking leave of court. Dr. Larry filed a motion to strike the supplemental memorandum (doc. 121), and Mr. Stewart moved to strike the defendant's motion to strike (doc. 122). On April 30, 2008, the Magistrate Judge issued a Report and Recommendation (doc. 124). The Magistrate Judge denied the motion to deny summary judgment in light of the plaintiff's timely response, the expiration of the discovery deadline on September 30, 2005, and the lack of any outstanding discovery requests by Mr. Stewart. The Magistrate Judge also granted the defendant's motion to strike the plaintiff's supplemental memorandum and denied Mr. Stewart's motion to strike. The Magistrate Judge further recommended that Dr. Larry's motion for summary judgment be granted and that the plaintiff's claims be dismissed as to this defendant.

II.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The movant has the burden of establishing that there are no genuine issues of material fact, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Barnhart v. Pickrel,

2

Schaeffer & Ebeling Co., 12 F.3d 1382, 1388-89 (6th Cir.1993). To avoid summary judgment, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); accord Moore v. Philip Morris Cos., 8 F.3d 335, 340 (6th Cir.1993). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970); see Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000) (stating that the court must draw all reasonable inferences in favor of the nonmoving party and must refrain from making credibility determinations or weighing evidence). In responding to a motion for summary judgment, however, the nonmoving party "may not rest upon its mere allegations ... but ... must set forth specific facts showing that there is a genuine issue for trial ." Fed.R.Civ.P. 56(e); see Celotex, 477 U.S. at 324; Searcy v. City of Dayton, 38 F.3d 282, 286 (6th Cir.1994). Furthermore, the existence of a mere scintilla of evidence in support of the nonmoving party's position will not be sufficient; there must be evidence on which the jury reasonably could find for the nonmoving party. Anderson, 477 U.S. at 251; see Copeland v. Machulis, 57 F.3d 476, 479 (6th Cir.1995); see also Matsushita, 475 U.S. at 587-88 (finding reliance upon mere allegations, conjecture, or implausible inferences to be insufficient to survive summary judgment).

### III.

In his first objection, Mr. Stewart contends that the Magistrate Judge incorrectly assumed that the technical data submitted by Dr. Larry would be unrebutted by other expert testimony. There is nothing in the record, however, demonstrating that the Magistrate Judge made that assumption. Once Dr. Larry came forward with expert medical testimony that the procedure he utilized was not experimental but rather standard medical protocol for a patient such as Mr. Stewart, Mr. Stewart could not simply rely on his own statements as a lay witness on an issue upon which he bears the burden of proof. He needed to come forward with his own expert medical testimony showing that there was a genuine issue for trial. The time for doing so was at

3

the summary judgment stage not at some hypothetical evidentiary hearing in the future.

Mr. Stewart's second objection claims that the Magistrate Judge's pedantic adherence to S.D. Ohio Civ. R. 7.2 was unjustified as applied to a mentally impaired plaintiff. The plaintiff is apparently referring to the striking of his supplemental memorandum and accompanying exhibits. The record shows that Mr. Stewart filed this memorandum without seeking leave of court. While pro se parties are not held to the same standards as parties represented by counsel, they must still comply with the procedural rules that govern civil cases. Anderson v. Frye, No. C2-05-520, 2007 WL 912290 at *6 (S.D. Ohio Mar. 26, 2007)(citing McNeil v. United States, 508 U.S. 106, 113 (1993)). The Magistrate Judge found that even if Mr. Brown's motion to strike were construed as a belated motion for leave, he did not establish good cause as required by S.D. Ohio Civ. R. 7.2 (a)(2). Mr. Brown now asserts that he is mentally impaired due to Dr. Larry's treatment and presumably that his lapses from lucidity into mental malaise somehow excuse his failure to comply with this Court's procedural rules. Mr. Brown, however, has not submitted any evidence of mental impairment. Moreover, his demonstrated ability in this case to file numerous pleadings and memoranda in a timely manner without any apparent legal assistance does not support this argument. It is clear, then, that not only has Mr. Brown not established that the Magistrate Judge's striking of his supplemental memorandum was erroneous, he also has not shown any prejudice resulting from this action.

Mr. Brown's third and final objection maintains that the Magistrate Judge impeded the development of relevant evidence establishing the truthfulness of his claim of deliberate indifference. It is not clear just how the Magistrate Judge impeded the development of such evidence, but the objection seems to suggest that Mr. Brown was held to too high a standard as a litigant given the fact that he suffered severe brain trauma. The Court notes once again the absence of any evidence in the record of severe brain trauma. Equally important, however, is the fact that Mr. Brown fails to point to any specific instances where the Magistrate Judge impeded the development of evidence. Mr. Brown also questions the Magistrate Judge's conclusion that the enhancement serum used in the stress test was not experimental. Contrary to Mr. Brown's argument, this conclusion was not based on the Magistrate Judge's own opinion, but on Dr. Larry's uncontroverted expert medical testimony.

IV.

Based on the foregoing reasons, the plaintiff's objections (doc. 128) are OVERRULED. Upon de novo review, the Court ADOPTS the Magistrate Judge's Report and Recommendation (doc. 124). The defendant's motion for summary judgment (doc. 105) is GRANTED, and the plaintiff's claims against John A. Larry, M.D. are hereby DISMISSED.

SO ORDERED

Date: 7-7-2008

Edmund A. Sargus, Jr.
United States District Judge